USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GILBERTO RIVERA HERNANDEZ,

          Plaintiff,

-against-

Commissioner, Social Security Administration,

          Defendant.
-------------------------------------------------------------X

**ORDER ON ATTORNEYS' FEES IN SOCIAL SECURITY CASE**

19-CV-04025 (PAE) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge**.

On February 5, 2020, this Court issued an Order remanding this action to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. (Order, ECF No. 21.) On May 1, 2020, Plaintiff filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (the "Motion"). (Motion, ECF No. 22.) Plaintiff seeks fees plus costs in the amount of $14,136 plus an additional $624.09 in connection with preparing the reply brief associated with this fee application, for a total of $14,760.09.

The EAJA authorizes the payment of fees in an action against the United States. Eligibility for a fee award under the EAJA requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that 'no special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)

(quoting the EAJA); *see generally Gomez-Beleno v. Holder*, 644 F.3d 139 (2d Cir. 2011) (applying *Jean*).  This Court finds that all four factors are met.

First, Plaintiff is a prevailing party.  The Supreme Court has held that a remand under sentence four of 42 U.S.C. § 405(g) is a final judgment that qualifies a plaintiff for prevailing party status.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) ("[A] party who wins a sentence-four remand order is a prevailing party.").  A plaintiff is a "prevailing party" under the EAJA when the parties in the action enter into a stipulation of remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  *See Torres v. Barnhart*, No. 02-cv-9209 (AJP), 2007 WL 1810238, at *8 (S.D.N.Y. June 25, 2007) ("The parties in this case stipulated to, and the Court 'so ordered,' a remand to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings.  The Court thus agrees that [plaintiff] became the prevailing party when he succeeded in having his case remanded to the agency." (internal citations and quotation marks omitted)); *McNeill v. Sec. of Health and Human Servs.*, No. 87-cv-1498 (E), 1989 WL 39449, at *2 (W.D.N.Y. Apr. 21, 1989) ("[The Government's] stipulation for remand of plaintiff's claim for payment of benefits qualifies the plaintiff as a prevailing party.").  Here, the parties stipulated to, and, on February 5, 2020, the Court "so ordered," a remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  No objections were raised to the order and that order has not been appealed.  Thus, Plaintiff is a prevailing party.

Regarding the second factor, "[t]he Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'"  *Healey v.*

2

*Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)).  The Government does not contest this point and concedes that Plaintiff is entitled to his reasonable attorneys' fees.

Third, this Court is unaware of any "special circumstances" that counsel against an EAJA award.  And, the Court notes that Plaintiff qualifies for an award of fees because his net assets are worth less than two million dollars.  *See* 12 CFR § 1071.103(b).

Fourth, Plaintiff's Motion was timely filed within the thirty-day period required by 28 U.S.C. § 2412(d)(1)(B), as the Administrative Law Judge rendered final judgment on April 22, 2020 and this Motion was filed May 1, 2020.

Turning to the issue of a reasonable fee award, the EAJA provides that the "fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(D)(2)A).  Thus, cost of living increases since the $125 rate was set in 1996 can justify a fee greater than $125 per hour.  *Id.*.  According to the Consumer Price Index for the New York Metropolitan Area, there has been a 59.9% increase in cost of living since 1996.  This increase yields a rate of approximately $200 per hour in today's dollars.

Plaintiff seeks attorneys' fees at an hourly rate of $200 for his time working on this matter.  Plaintiff's counsel is a highly experienced lawyer, having practiced in the area of Social Security disability law since 1997.  He spent 70.5 hours working on this case from April 23, 2019 through April 27, 2020, combing through Plaintiff's medical records and partially briefing

Plaintiff's case, identifying eleven issues for appeal to this Court.  The administrative record in this case was 2,146 pages.  Counsel's preparation and advocacy resulted in a remand.  Plaintiff's counsel also utilized a paralegal for 0.4 hours, for which he requests a rate of $90 per hour.  The Government does not oppose the request for reimbursement for paralegal time.  Nor does it contest a rate of $200 per hour for Plaintiff's counsel, which this Court independently finds is reasonable.  However, the Government contends that the hours spent by Plaintiff's counsel on this case were excessive and that no more than 40 hours of time were warranted given what it characterizes as the routine nature of the issues in the case involving Plaintiff's back and shoulder conditions, depression, and anxiety.  The Government points out that counsel's experience and representation of Plaintiff during the administrative proceedings should have resulted in fewer hours, not more, in this case.

A determination of a reasonable attorneys' fee is a matter committed to the sound discretion of the trial court.  *See Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010).  In making the determination, the Court evaluates whether the number of hours expended were reasonable given the issues and specific nature of the case, as well as whether the proposed rate is reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The fee applicant bears the burden of establishing the reasonableness of both by, among other things, providing an itemized statement of hours spent on case-related work.  *See id.*; *Lee v. Astrue*, No. 09-cv-1575 (CSH), 2011 WL 781108, at *4 (D. Conn. Feb. 28, 2011).

A number of district courts within the Second Circuit have found that it is reasonable for a Plaintiff's attorney to spend 20-40 hours on a typical Social Security disability appeal in federal court.  *See, e.g.*, *Arel v. Colvin*, No. 14-cv-1008 (JGM), 2015 WL 4429263, at *2 (D. Conn.

July 20, 2015); *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014); *Grey v. Chater*, No. 95-cv-8847 (JFK), 1997 WL 12806, at *1 (S.D.N.Y. Jan. 14, 1997). Courts also recognize that counsel's experience and familiarity with the record based on representation of the claimant during administrative proceedings are relevant to a determination of reasonable hours. *See Barbour v. Colvin*, 993 F. Supp. 2d at 291. At the same time, the Court looks at each case on its own merits, including the length of the administrative record and the number of issues raised by Plaintiff.

Here, the administrative record was quite lengthy—over 2,000 pages. This is hardly typical. Counsel also spent approximately 25.2 hours reviewing the administrative record. Notably, counsel did not have access to the transcript from the administrative hearing prior to commencing this action. It is only after the Commissioner files an answer and transcript that Plaintiff's counsel is provided with the certified administrative record with page numbers that must be cited in the briefing. The fact that counsel was familiar with the case from assisting in some of the administrative proceedings did not eliminate the necessity of reviewing the official record for purposes of briefing this case. As Plaintiff's counsel points out, this Court requires the parties to specify the evidence upon which they rely to support their contentions and provide accurate page citations to the administrative record. And, while experienced counsel might be more efficient, the Court recognizes that it nevertheless takes time to comb through medical records, some of which are hard to read, and to prepare a brief. Indeed, courts in this District have rejected the notion that experience alone should justify a reduction of hours. *See, e.g.*, *Daily v. Comm'r of Soc. Sec.*, No. 18-cv-1080 (AT) (KNF), 2020 WL 1322528 (S.D.N.Y. Mar. 19, 2020) (rejecting argument that hours should be reduced based in part on argument that

Plaintiff's counsel had over 30 years' experience in Social Security law when case involved an "unusually voluminous" record of more than 900 pages and a 30-page brief); *Coughlin v. Astrue*, No. 06-cv-0497 (NAM) (GJD), 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009) (refusing to penalize counsel for experience in fee application).

Plaintiff's counsel points out that Plaintiff had previously applied for Social Security disability benefits with help from another firm, making the procedural history of this case more complex.  Counsel further notes that he did not personally represent Plaintiff in the administrative proceedings and that his firm took over representation of the Plaintiff from another firm, meaning that he did not have the same familiarity with the record as someone who had represented the Plaintiff for the entirety of the Social Security application and appeal process.  The procedural history was complex because Plaintiff filed prior applications for benefits and had several hearings before an Administrative Law Judge (one after the Appeals Counsel remanded) before ending up in this Court.  The Court recognizes that this procedural history is not straightforward or typical.

Finally, briefing was extensive. As noted above, counsel identified eleven errors committed by the Administration—a larger number than identified in most cases—and briefed them all in accordance with this Court's order.  Plaintiff's portion of the joint submission required by this Court was 65 pages—longer than is typical.  Counsel spent approximately 18.8 hours drafting the statement of facts and 23.8 hours drafting the legal portion of Plaintiff's brief.  This amount of time is not unreasonable given the length of the record, number of issues, and procedural complexity of the case.

As Plaintiff's counsel also points out, this Court requires the parties to engage in good faith settlement discussions prior to commencing briefing to determine whether a remand is appropriate and avoid the necessity of briefing. Counsel complied with this, but the Government did not agree to remand until after receiving Plaintiff's portion of the brief containing all of Plaintiff's arguments for remand. Thus, the time spent on the briefing was not unnecessary.

In light of all of the above, Plaintiff's counsel has provided sufficient justification for the 70.5 hours expended on this case. Other courts within the Second Circuit have found that similar amounts of time spent were reasonable based on similarly lengthy records. *See, e.g.*, *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220-221 (W.D.N.Y. 2006) (95.5 hours of time appropriate in case with administrative record over 1,100 pages); *Guzman ex rel. Nelson v. Comm'r of Soc. Sec.*, No. 05-cv-6086 (WHP) (DFE), 2008 WL 1318920, at *2 (S.D.N.Y. Apr. 9, 2008) (70.40 hours reasonable in a case that involved one round of briefing and administrative record of only 116 pages); *Hinton v. Sullivan*, No. 84-cv-9276 (CES), 1991 WL 123960, at *5 & n.8 (S.D.N.Y. July 2, 1991) (158.55 hours reasonable in case involving administrative record of more than 1,000 pages).

Finally, Plaintiff's counsel requests reimbursement for the 3.3 hours spent on this matter since the filing of the Motion, including reviewing the Government's opposition to the fee application and drafting the reply brief, or a total of $624.09. Such an award is appropriate under the EAJA. *See Comm'r v. Jean*, 496 U.S. 154, 162 (1990). The Government opposes this request. However, the time spent on the reply was imminently reasonable in this Court's view and therefore it will award the additional amount requested.

7

**CONCLUSION**

For the reasons set forth above, Plaintiff's application for fees and costs in the amount of $14,760.09 is GRANTED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 22.

SO ORDERED.

Dated: May 28, 2020
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge